IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| THE CANADA LIFE ASSURANCE COMPANY, a Canadian Corporation, | ) ) ) | Case No. CV-07-254-S-BLW |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION FOR** |
| v. | ) ) | **APPOINTMENT OF RECEIVER** |
| ALFRED R. LaPETER AND SHARON LaPETER, as Trustees for the LaPeter 1985 Living Trust, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

The Court has before it Plaintiff's Motion for Appointment of Receiver and

For Issuance of an Order to Show Cause (Docket No. 1). The Court heard oral

argument on the motion on July 10, 2007. Good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.     The appointment of a receiver is necessary because the subject

property (described in full in Plaintiff's Exhibit 17, Ex. A) (the "Property") and the

rents associated therewith, constituting the collateral of The Canada Life

Assurance Company ("Lender"), are in danger of substantial waste and risk of loss

because income from the Property is being diverted and not applied to servicing

the debt encumbering the Property and the real estate taxes on the Property. Also,

**Order** - 1

the Property is or may become insufficient to discharge the debt which it secures.

2.      Alfred R. LaPeter and Sharon R. LaPeter, Trustees of the LaPeter 1985 Living Trust ("Trustees") are borrowers of Lender under a promissory note and deed of trust.  (See Plaintiff's Exs. 1, 2 & 4).  Trustees have not made payments to Lender since June, 2006.  Pursuant to the promissory note and deed of trust, the indebtedness is due and owing.

3.      Trustees have granted Lender a security interest in the Property.  (See Exs. 2 & 4).  Trustees have also granted Lender a security interest in the Property's rents and cash collateral.  (See Ex. 3, pp. 1-2) (stating that Trustees assigned Lender the right to collect and receive all of the rents, income, receipts, revenue, issues, profits and other income for any nature now due or which may become due).

4.       Dan McGregor, a resident of Boise, Idaho, is hereby appointed receiver ("Receiver") of the Property and any and all personal property owned by Respondents associated therewith (collectively with the Property, the "Receivership Property").  Receiver shall assume his full duties and responsibilities upon subscribing and filing herein an Oath of Receiver in suitable form, and upon his securing and filing herein a surety bond in suitable form in the amount of $750,000.00.  Receiver shall have seven (7) days from the entry of this

**Order** - **2**

Order in which to obtain and file a suitable surety bond.  Pending receipt of such

bond, and for a period of seven (7) days from the entry of this Order, Receiver

shall have full authority as hereinafter set forth.

5.      Trustees and their property managers shall immediately cooperate as

reasonably requested by Receiver or his agents to enable Receiver and his agents

(i) to take possession of the Receivership Property, including the rents of the

Property; (ii)  to conduct a review of the Property, including all lease or rental

documents, and (iii) to come to an understanding of the management of the

Receivership Property.

6.      Trustees and their property managers shall provide Receiver with full

and complete access to the Receivership Property, including without limitation all

records, correspondence, books of account, Past Rents (as hereinafter defined),

leases, account statements, and other financial information, and deliver all records,

correspondence, books of account, Past Rents, leases, account statements, and

other financial information to the immediate, sole, and exclusive possession of

Receiver at 9:00 a.m., July 13, 2007, or such other time thereafter as Receiver may

designate (the "Delivery Time").  As of and after the Delivery Time, Trustees and

their property managers shall cease occupying or managing the Receivership

Property.  As used herein, "Past Rents" means all rents, other income, and cash

**Order** - **3**

realized from the Property and the proceeds thereof in the possession of Trustees, their property managers, or their respective agents (including without limitation such funds as are in bank accounts or other accounts) as of May 21, 2007, and all rents, other income, and cash from the Property and the proceeds thereof realized thereafter, regardless of location and regardless of commingling with other funds of Trustees.  As used herein, "account statements" means account statements of any account that held Past Rents since 2006 or holds Past Rents.

7.      Receiver shall have the following duties and powers:

7.1      Receiver shall take such measures as are necessary to manage, preserve, protect, maintain, repair, and safeguard the Receivership Property after the Delivery Time.  Receiver shall operate the Receivership Property as is necessary to accomplish the tasks set forth in the previous sentence.

7.2      Receiver shall prepare and file in this Court, within thirty (30) days of the date of the Delivery Time, a full and detailed inventory, under oath, of the Property and all leases or rental agreements pertaining thereto.  In addition, Receiver shall maintain records of all receipts and disbursements and of all major or significant actions or transactions and shall file an accounting thereof with the Court on or before the tenth (10th) day of every other month, commencing August 10, 2007, and in such manner as the Court shall require.  Receiver shall serve full

**Order** - 4

and accurate copies of said reports, and any and all other documents it files with the Court, upon all parties to this action and in the manner provided by the Idaho Rules of Civil Procedure.  At a minimum, the report shall include:

       7.2.1  A monthly rent roll which will include an accounting reconciling the total number of suites in the complex with total suites rented, and a suite-by-suite listing of the rents received during each month.

       7.2.2  A delinquency and aging of accounts receivable.

       7.2.3  A detailed accounting of all expenses paid during the preceding month.

       7.2.4  A reconciliation of the income received and expenses for the Property during the preceding months, together with an accounting showing the amount of net rents for the Property paid to anyone for or during the months.

       7.3  Receiver shall faithfully and diligently manage and operate the Property in accordance with the quality of management applicable to projects of similar size and character and shall rent (with Court approval) and otherwise oversee said Property and obtain and maintain optimum rental occupancy thereof at satisfactory rental rates; shall take all reasonable steps to collect and enforce the terms of this Order and the collection of Past Rents, rentals, fees, deposits and other charges, including rents due prior to the appointment of Receiver; shall

**Order** - **5**

supply and supervise resident mangers and necessary assistants for the efficient daily operation of the Property; shall organize and supervise all services as required therefor; and shall secure effective leasing services as seem necessary.

7.4     Receiver is authorized to sign and serve in his own name such notices to tenants as are deemed necessary by Receiver; to institute and prosecute actions in his own name or in the name of the Trustees to enforce the terms of this Order; to evict tenants and recover possession of any portion of the Property occupied by them; to sue in his name or in the name of the Trustees to recover Past Rents, rents and other sums due (including rents due prior to the appointment of Receiver); and when expedient, to settle, compromise and release such actions, suits or claims.

7.5     Receiver shall execute and prepare all documents and perform all acts in the name of Trustees, the name of the receivership, or in the name of Receiver, which are necessary or incidental to managing, preserving, protecting, or controlling the Receivership Property or to enforcing the terms of this Order.

7.6     Receiver is further authorized in general, to take such measures as are necessary to enable him to perform the duties imposed by this Order.

7.7     Receiver shall establish and maintain a separate, fiduciary, interest-bearing bank account or accounts in the name of Receiver at any federally

insured banking institution with total assets at least $100 million, in which he shall deposit all Past Rents, rents, issues, profits and proceeds derived from the Property and from which he shall disburse such funds as may be required to pay costs and expenses incurred in and about the management, operation, maintenance, and safekeeping of the Receivership Property in a reasonable, prudent, and businesslike manner, including, without limitation, the indebtedness on the Property.

7.8     Receiver's accounts, and records of receipts and disbursements with reference to the Property shall be open for inspection by any party upon seventy-two hours' notice by the requesting party to Receiver and the other parties. Any such inspection shall be during normal business hours.

7.9     Receiver may, but is not required to, employ and/or terminate employees, including but not limited to, Trustees' service personnel, bookkeepers, managers, and clerks, and may, but is not required to, purchase merchandise, inventories, materials, supplies and services, and shall pay for the foregoing at the ordinary and usual rates and prices out of the funds which shall come into his possession.  Receiver may retain and employ such professionals as Receiver deems necessary or beneficial to assist him in fulfilling and discharging his duties hereunder, including without limitation a property management firm, attorneys, or accountants.  These professionals shall be paid from funds which shall come into

**Order** - 7

Receiver's possession without the necessity of Court approval; provided, however, that the fees and costs of Receiver's attorneys shall be subject to Court approval.

7.10   Receiver shall exercise such other and further powers in an emergency as shall be necessary under the circumstances, from time to time, provided that Receiver shall report promptly to the Court in writing and apply for such order or orders authorizing or ratifying Receiver's actions as reasonable and appropriate under the circumstances.

7.11   Receiver may perform and carry out any and all other powers and duties conferred upon him by the laws of the United States or the State of Idaho.

8.      Receiver shall have the right to compensation for his services as a charge on the Property at the rate of $166.67 per day during his appointment, regardless of the amount of work done or not done by Receiver during any particular day.  Receiver may delegate to assistants his tasks hereunder, so long as the hourly rates of such assistants are less than $25.  Receiver shall be entitled, upon application to and approval of this Court, to compensation from receipts, property, and funds properly in the receivership estate.  Receiver shall additionally be entitled to recover all of his reasonable expenses.  To the extent that the funds in the receivership estate are insufficient to pay such compensation and expenses,

Lender herein shall pay the allowed compensation and expenses.

9.     In the event Mr. McGregor is, at some future time, either unable or unwilling to continue to serve as receiver, Lender shall be afforded the opportunity to propose to the Court a successor receiver acceptable to it.

10.     The enumeration of duties and powers of Receiver shall not be construed as a limitation upon him, nor shall it exclude in any manner his right to do such other acts not herein specifically enumerated, or otherwise provided for, as may be necessary or appropriate for the accomplishment of or in aid of the purpose of receivership.

11.     Receiver is an officer of the Court and is not the agent of any party to this action.

12.     Receiver may at any time apply to the Court, upon notice to the parties, for any further instructions or powers necessary or appropriate to enable Receiver to perform his duties properly.

13.     The costs of the receivership, including without limitation the fees and costs of Receiver and his employees, agents, and professionals, shall be indebtedness of Trustees and secured by all security interests and liens securing Trustees' indebtedness to Lender.  This shall be the case regardless of whether such costs are paid from the income of the Receivership Property or by Lender.

**Order** - **9**

14.     The rights, duties, powers, and obligations of Receiver shall, unless amended or revised by order of this Court, continue until the foreclosure of the Property, presently scheduled for July 25, 2007.

15.     Receiver shall not be entitled to compensation at the rate provided by in ¶ 8 hereof on and after the foreclosure sale of the Property.  Instead, he shall be compensated in the amount of $3,000 for all of his efforts between the foreclosure sale of the Property and the closing of the receivership estate absent that amount being manifestly unfair.  Upon and after sale of the Property, Receiver's obligation to manage the Property as provided herein shall cease.  Receiver shall nonetheless be obligated to manage any remaining Receivership Property, and to wrap up the receivership estate upon and after the sale of the Property, and he shall without limitation (i) file a final report with the Court no later than twenty-five (25) days after the date of the sale of the Property; (ii) move for Court approval of the final report with the goal to obtain such approval within forty-five (45) days after the date of the sale of the Property; (iii) pay all remaining final expenses of the receivership estate on the terms provided herein and in any order of the Court no later than ten (10) days after obtaining Court approval therefor, if necessary; and (iv) deliver all cash remaining in the receivership estate after payment of all expenses to Lender for application to the indebtedness of Trustees to Lender,

**Order** - **10**

contemporaneously with his payment of the remaining final expenses of the receivership estate.

16.     If (i) Mr. McGregor serves as receiver through the close of the receivership estate, and (ii) the total compensation paid and to be paid to Receiver pursuant to the provisions of ¶¶ 8 & 15 hereof is less than five percent (5%) of the total funds that Receiver disburses from the receivership estate to any person (including such funds as are paid to him and Lender), then Receiver shall be entitled an additional payment so that his total compensation shall be equal to five percent (5%) of the total funds that Receiver disburses from the receivership estate (including such funds as are disbursed to him and to Lender).  The amount paid for the Property at the foreclosure sale shall not be paid to or through Receiver, and the "total funds that Receiver disburses from the receivership estate" as provided in this ¶ 16 shall in no event include the amount paid for the Property at the foreclosure sale.

17.     A photocopy of this Order shall evidence all authority of Receiver necessary to take the actions provided for herein, and tenants at the Property shall be obligated to make all rental and related payments to Receiver, and not to Trustees or their property managers, upon and after having been presented with a photocopy of this Order and written direction of Receiver to make such payments

**Order** - **11**

to him.

18.     Plaintiff's Motion for Appointment of Receiver and For Issuance of

an Order to Show Cause (Docket No. 1) shall be, and the same is hereby,

GRANTED as outlined above.



DATED:  July 12, 2007

_____

Honorable B. Lynn Winmill
Chief U. S. District Judge

Order - 12