IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CANADA LIFE ASSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALFRED R. LaPETER AND SHARON LaPETER, as Trustees for the LaPeter 1985 Living Trust,<br><br>　　　　Defendants. | Case No. CV-07-254-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendants' Motion to Compel Sale and Terminate Receivership (Docket No. 61). The Court intended to hear oral argument on the motion on March 6, 2008, but the Court encountered an internal emergency and was forced to vacate the hearing. Upon further review of the briefs, the Court has determined that oral argument is not necessary. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In a related matter, the LaPeters sued Canada Life Insurance after Canada Life Insurance refused to loan the LaPeters money so that they could refinance a

**Memorandum Decision and Order** - 1

commercial property known as the ParkCenter Mall.  Without the loan from Canada Life Insurance, the LaPeters defaulted on their outstanding loan by Canada Life Assurance, the Plaintiff in this case.

At about the time the LaPeters filed suit against Canada Life Insurance, Canada Life Assurance requested appointment of the Receiver in this matter.  The LaPeters objected, arguing that the case against Canada Life Insurance was still pending.  This Court subsequently granted summary judgment in favor of Canada Life Insurance.  The Court then determined that the Receiver was necessary, and the Court appointed the Receiver on July 12, 2007.  The Court stated that the Receiver would continue his duties until foreclosure of the ParkCenter Mall, which was then scheduled for about two weeks later on July 25, 2007.

Due in part to settlement negotiations, the parties agreed to delay the foreclosure sale several times.  The settlement negotiations ultimately broke down, and the LaPeters now ask the Court to terminate the Receiver and compel a foreclosure sale of the ParkCenter Mall.

## ANALYSIS

Although federal case law on the appointment of a receiver is scant, the few cases addressing the issue state that federal law controls in federal court.  *See e.g.,* *New York Life Ins. Co. v. Watt West Inv. Corp.*, 755 F.Supp. 287 (E.D.Cal. 1991).

**Memorandum Decision and Order** - 2

The parties do not dispute this statement of the law.

Federal courts consider a number of factors when contemplating the appointment of a receiver. "Most important among the factors are the adequacy of the security and the financial position of the mortgagor." *Id.* at 292. The Ninth Circuit has "held that a receiver could be appointed to collect rents pending foreclosure when the district court was satisfied that the security was inadequate or its adequacy was substantially doubtful and that the mortgagor was insolvent or of doubtful financial standing." *Id.* (citing *View Crest Garden Apartments v. United States*, 281 F.2d 844 (9th Cir.1960)). Wright and Miller list the following factors in determining whether to appoint a receiver: "(1) fraudulent conduct on defendant's part; (2) imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; (3) inadequacy of legal remedies; (4) probability that harm to plaintiff by denial of appointment would outweigh injury to parties opposing appointment; (5) plaintiff's probable success in the action and the possibility of irreparable injury to plaintiff's interest in the property; and (6) whether plaintiff's interests sought to be protected will in fact be well-served by receivership." *Id.* (citing 12 C. Wright & A. Miller, Federal Practice & Procedure: Civil, § 2983 at 22-24 (1973)). *Id.*

All of these factors clearly weighed in favor of Canada Life Assurance at the

**Memorandum Decision and Order** - 3

time this Court appointed the Receiver.  However, at that time the parties informed the Court that the foreclosure sale would commence approximately two weeks later.  The LaPeters suggest that the balance of equities has shifted since then because Canada Life Assurance now intends to delay the foreclosure sale until after the Ninth Circuit issues its decision on the LaPeters' appeal in the related matter. Specifically, the LaPeters suggest that continuing the receivership until after the appeal is decided will financially harm the LaPeters' by depleting their equity in the property.

The Court is not persuaded by the LaPeters' argument.  First and foremost, the LaPeters' argument is based completely upon Mr. LaPeter's most recent appraisal of the value of the ParkCenter Mall, which is simply insufficient evidence of the value of the property.  Moreover, the LaPeters' have done nothing to explain why the potential financial loss for the LaPeters outweighs the most important factor in appointing the Receiver – the adequacy of the security and the financial position of Canada Life Assurance. *New York Life Ins. Co.*, 755 F.Supp. at 292.  Thus, the Court finds that the Receiver is in the best position to manage the property, and there is no reason to force a foreclosure sale at this point. Accordingly, the Court will deny the motion.

However, the Court notes that the LaPeters' argument may have merit if

**Memorandum Decision and Order** - 4

supported by sufficient evidence, and the Court is open to reconsidering its decision should the LaPeters' present the Court with additional evidence.  The Court will leave it to the LaPeters' to request reconsideration if and when they have additional evidence which they believe will support their request, and the Court may hold an evidentiary hearing if necessary.  Should the LaPeters proceed in this manner, which the Court is neither inviting nor precluding, the Court would expect the LaPeters to present the Court with expert analysis of the appraised value of, and economic forecasts about, the ParkCenter Mall, instead of relying upon Mr. LaPeters somewhat self-serving statements.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion to Compel Sale and Terminate Receivership (Docket No. 61) shall be, and the same is hereby, DENIED.



DATED: **March 13, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge